IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RICHARD S. KERR, JR.,

                                                                   ORDER

                Plaintiff,

                                                       08-cv-122-bbc

      v.

PATRICK J. MADDEN, Circuit Court Judge
for Iron County, JOHN P. ANDERSON, Circuit
Court Judge for Bayfield County and MARTIN J. LIPSKE,
District Attorney for Iron County, sued in their individual
and official capacities,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Richard Kerr has filed a complaint in which he seeks to sue two state court judges and a district attorney under 18 U.S.C. §§ 241, 242 and 245 for failing to provide him with 241 days' credit on a sentence that he has now finished serving. Plaintiff requests criminal prosecution of each defendant and more than $1,000,000 in compensatory and punitive damages.

      This case must be dismissed because private citizens may not file lawsuits under Title 18 of the United States Code. Those are criminal statutes that may be enforced by the United States and its attorneys only. <u>Maine v. Taylor</u>, 477 U.S. 131, 136 (1986).

1

However, even if I were to construe plaintiff's complaint as a civil action brought pursuant to 42 U.S.C. § 1983, I would have to dismiss the case for at least two different reasons. First, because success on plaintiff's claim would imply that he had been confined illegally, his claim would implicate the rule in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), that a party may not bring such a claim until "the sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Even if a habeas petition would now be moot because plaintiff has finished serving his sentence, Spencer v. Kemna, 523 U.S. 1 (1998), § 1983 would not be available because plaintiff concedes in his complaint that he was aware of the alleged sentencing error while he was still incarcerated. Guerrero v. Gates, 357 F.3d 911 (9th Cir. 2004) (no § 1983 action permitted when plaintiff could have brought timely habeas petition but failed to do so).

Second, plaintiff is seeking monetary damages from two judges and a prosecutor for acts they took pursuant to their official duties. However, neither judges nor prosecutors may be sued under § 1983 for official acts they take in the context of judicial proceedings. Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006); Smith v. Power, 346 F.3d 740 (7th Cir. 2003). Although this rule may seem unfair to plaintiff, the Supreme Court has determined that these officials would be unable to perform their essential duties if they were

2

subjected to suit by every dissatisfied litigant. Imbler v. Pachtman, 424 U.S. 409 (1976); Pierson v. Ray, 386 U.S. 547, 554 (1967).

ORDER

IT IS ORDERED that this case is DISMISSED and the clerk of court is directed to close the case.

Entered this 2nd day of April, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge